IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARLA K. BROWN,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**ROGER WALKER, JR., Individually and as** )<br>**Director of the Illinois Department of** )<br>**Corrections,** )<br>)<br>**Defendant.** ) | CIVIL NO. 05-4214-GPM |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the State of Illinois on behalf of Defendant, Roger Walker, Jr. (Doc. 4). Plaintiff, Darla K. Brown ("Brown"), responded to the motion on May 23, 2006 (Doc. 7). The Court has carefully considered the pending motion and will rule without a hearing.

### BACKGROUND

On December 9, 2005, Darla Brown filed a *pro se* two-count complaint alleging that Defendant Walker violated her rights as guaranteed by the First Amendment to the United States Constitution when he terminated her employment with the Illinois Department of Corrections ("IDOC") (Count 1). Brown alleges that her termination was politically motivated. Brown also alleges that Walker terminated her without due process of law (Count 2).

The following facts are taken from the complaint: Brown began working at the IDOC Youth Center in Harrisburg as a teacher for Southeastern Illinois College in November 1988. In May 1989,

she became an educator with the Youth Center; she was promoted to Corrections Casework Supervisor in June 1992.

According to Brown, the position of Assistant Warden of Programs at the Youth Center in Harrisburg became vacant in January 2003. She garnered a letter of recommendation (directed to the Director of IDOC) from former State Senator Larry Woolard and made her interest in the job known to Warden Judy Davis of the Illinois Youth Center in Murphysboro. Davis promised to make Brown's interest known to Chief Dwayne Clark. Neither Davis nor Clark is still employed with IDOC. In April 2003, Brown met with Deputy Director Cecil Jones of the IDOC Juvenile Division to discuss her interest in the position.

On August 26, 2003, Brown attended a function in Harrisburg, Illinois, in which the Governor of Illinois gave a speech. Brown claims she gave the Governor's aide her resumé that day. According to the complaint, Sharon Mitchell, Clinical Services Supervisor at the Youth Center in Harrisburg, was aware that Brown (and other employees) attended this speech. There is also a photograph of Brown and other employees with the Governor in front of his bus.

Then the complaint's allegations take a nebulous turn. Brown alleges that on August 22, 2003 (four days before the Governor's speech), Sharon Mitchell changed "the custody procedure for minor disciplinary tickets." (Doc. 1, para. 18.) She then alleges that Rocky James, Chief Investigator for the IDOC Youth Center in Harrisburg initiated a sham investigation on August 26, 2003. Brown alleges that Mitchell "was in the possession of minor tickets which she alleged disappeared." (Doc. 1, para. 21.) The Court presumes that the sham investigation referred to by Brown involved IDOC employees being accused of misconduct, but this is not clear from the complaint.

Brown claims that although she was told by a co-worker that her name was on a list for promotion to the assistant warden position, "[o]n September 17, 2003 Plaintiff was asked about some minor tickets" and thereafter suspended for 30 days pending discharge. Brown alleges that the assistant warden position was ultimately filled by Letisha Murray, a female in her twenties with only four years seniority with IDOC. Brown's discharge was effective November 12, 2003.

The State of Illinois argues that this action is barred by the Eleventh Amendment, the doctrine of *res judicata*, and the statute of limitations.

### ANALYSIS

In ruling on a motion to dismiss, a court must take all allegations in a complaint to be true, and view them, along with all reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir. 1981). Furthermore, because Brown appears before the Court *pro se*, her complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Haines v. Kerner*, 404 U.S. 519 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *accord Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

The State of Illinois argues that this action is barred by the doctrine of *res judicata* because Brown has previously filed two lawsuits concerning her termination. The Court is well aware of these lawsuits, as the undersigned dismissed the second suit, *Brown v. State of Illinois, et al.*, Cause No. 05-687-GPM, on the basis that it was barred by the first suit which Brown filed in Illinois state court.

As this Court stated in its March 30, 2006, Order dismissing the second case, the preclusive effect of the federal doctrine of *res judicata* bars not only those issues which actually were decided in a prior action but also any issues which could have been raised. " *Crop-Maker Soil Servs., Inc. v. Fairmount State Bank*, 881 F.2d 436, 439 (7th Cir. 1989) (*citing Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364 (7th Cir. 1988)). As long as a subsequent action satisfies three elements: "(1) a final judgment on the merits in a prior action; (2) the identity of the cause of action in both the prior and subsequent suits; and (3) the identity of parties or privies in these suits," the subsequent action is barred. *Id.*

As stated in the March 30, 2006, Order in Cause No. 05-687-GPM, there was a final judgment on the merits of Brown's first suit in state court. There is, of course, a second judgment now – the one entered by this Court on March 30. There is again an identity of the cause of action in this and the prior suits – Brown is claiming that her employment with IDOC was wrongfully terminated. And there is no doubt that there is an identity of parties in the earlier and later suits – Walker has been named in each suit.

The elements of *res judicata* having been established, Brown is barred from re-litigating not only those issues that were actually decided in the state court case but also all other issues that could have been decided in that action, including claims under the First Amendment and claims that her due process rights were violated. *Crop-Maker Soil Servs., Inc.*, 881 F.2d at 439. This action is barred by the doctrine of *res judicata*.

Finally, the Court briefly notes that the action is also barred by the Eleventh Amendment and the statute of limitations. Brown has sued Roger Walker, Jr., in his official capacity as Director of IDOC for actions he took pursuant to that position. As such, her damage claims against him are

claims against the state which are barred by the Eleventh Amendment. Moreover, Brown was notified that she was being discharged on November 1, 2003, by a certified letter from IDOC. She was told to clean out her desk on November 10, and her 30 day suspension pending discharge begin on November 12, 2003. If she felt she had a claim for wrongful termination, she certainly knew it by November 12. This suit, filed on December 9, 2005, is barred by Illinois' two year statute of limitations period for civil rights violations. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Williams v. Heavener*, 217 F.3d 529, 531 (7th Cir. 2000).

**This litigation is over, and it is time for Ms. Brown to give up and move on. She can pursue whatever arguments she wants in the Court of Appeals, but future filings against the Illinois Department of Corrections, the State of Illinois, or their employees for claims involving her termination will be considered frivolous and subject to sanctions.**

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Doc. 5) is **GRANTED**, and this action is **DISMISSED on the merits**. The Clerk shall enter judgment accordingly, and the parties shall bear their own costs.

**IT IS SO ORDERED.**

DATED: 08/11/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge